UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

LION-AIRE CORP., a New York corporation,

                             Plaintiff,

      - against -

LION AIR INSTALLATION, INC., a New York corporation, HOWARD MCCARTHARN and CHRIS LAMBOT,

                            Defendants.

------------------------------------------------------------------- x

Civil Action No.:

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Lion-Aire Corp. ("Plaintiff" or "Lion-Aire"), by its attorneys, Tannenbaum Helpern Syracuse & Hirschtritt LLP, for its Complaint herein alleges:

### Nature of the Action

1. Lion-Aire is a well-established provider of HVAC contracting services in the New York metropolitan and Tri-State area. Since 1992, Lion-Aire has used its LION-AIRE trademark and logo, shown below, to identify the HVAC contracting services it provides and, through substantial effort, its LION-AIRE mark has developed substantial and valuable goodwill. It has come to Lion-Aire's attention that defendants Howard McCartharn and Chris Lambot, through defendant Lion Air Installation, Inc., which they control, are offering HVAC contracting services under the confusingly similar service mark LION AIR and a confusingly similar logo, and are affirmatively and falsely representing to potential customers and others that defendant Lion Air is associated or affiliated with Lion-Aire.

2. Accordingly, to protect the goodwill associated with its valuable trademarks from infringement and dilution, and to protect its trademark rights, Lion-Aire has commenced this

action for (a) trademark infringement and false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), (b) use of deceptive acts or practices in the conduct of business, trade or commerce or the furnishing of services in violation of New York General Business Law § 349, (c) trademark infringement and unfair competition in violation of New York common law, and (d) trademark dilution and injury to business reputation in violation of New York General Business Law § 360-*l*.

## The Parties

3. Plaintiff Lion-Aire, Corp. is a New York corporation having its principal place of business at 33 Ida Court, Dix Hills New York 11746.

4. Upon information and belief, defendant Lion Air Installation, Inc. ("LAI") is a New York corporation with its principal place of business at 63 Wellington Road, Middle Island, New York 11953.

5. Upon information and belief, defendant Howard McCartharn ("McCartharn") is a citizen of the State of New York and a principal of LAI with a residence and/or place of business at 63 Wellington Road, Middle Island, New York 11953.

6. Upon information and belief, defendant Chris Lambot ("Lambot") is a citizen of the State of New York and a principal of LAI residing at 3 East Park Drive, Old Bethpage, New York 11803.

## Jurisdiction

7. This action arises, *inter alia,* under the Trademark Act of July 5, 1946, as amended, 15 U.S.C. §§ 1051 *et seq.*, known as the Lanham Act.

8. This Court has jurisdiction of this action pursuant to § 39(a) of the Lanham Act, 15 U.S.C. § 1121(a); 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367(a).

## FIRST CLAIM FOR RELIEF

### Federal Trademark Infringement and Unfair Competition

**Plaintiff's Business and Marks**

9. Lion-Aire engages in the business of offering HVAC contractor services, specializing in installation and servicing of Packaged Terminal Air Conditioning ("PTAC"), Fan Coil ("FCI"), Water Source Heat Pump ("WSHP") and Mini-Split ("MS") units.

10. Lion-Aire provides its services to customers throughout the New York Metropolitan and Tri-State areas, including in the Eastern District of New York.

11. Lion-Aire is the owner of all right, title and interest, in the trademark LION-AIRE for HVAC contractor services. On or about April 11, 2019, Lion-Air filed United States Trademark Registration Application Serial No. 88/380820 for federal registration of its LION-AIRE trademark.

12. Lion-Aire is also the owner of all right, title and interest, in the trademark and logo LION-AIRE HEATING AND COOLING shown below



for HVAC contractor services (the "Lion-Aire Logo"). On or About April 26, 2019, Lion-Air filed United States Trademark Registration Application Serial No. 88/404197 for federal registration of its Lion-Aire Logo trademark.

13. Lion-Aire has used its LION-AIRE and LION-AIRE Logo trademarks in interstate commerce since at least 1992 in connection with HVAC contractor services.

14. Lion-Aire also uses its LION-AIRE trademark as part of the Internet domain name "lion-aire.com," (the "Lion-Aire Domain Name," and, together with the LION-AIRE trademark

3

[1097158-4]

and the Lion-Aire Logo, referred to herein as the "LION-AIRE Marks") of which it is the beneficial owner, to identify the Internet website of Lion-Aire and its affiliated companies. Inputting the Lion-Aire Domain Name to an Internet browser takes the user to the website.

15. As a result of substantial time and effort, and long and substantial use of the LION-AIRE Marks, Lion-Aire has developed substantial recognition for the LION-AIRE Marks and the services it provides under the LION-AIRE Marks, which have acquired and now enjoy a valuable reputation and goodwill associated with said Marks.

**Defendants' Activities**

16. Upon information and belief, Defendants McCartharn and Lambot formed defendant LAI in or about January 24, 2017. At some time thereafter, the date of which is currently unknown to Plaintiff, LAI began using the trademark and trade name LION AIR to provide HVAC contractor sales and installation services in the New York Metropolitan area, or parts thereof. Lion-Aire became aware of LAI's infringing activities detailed herein in or about early 2019.

17. Defendants have also adopted and are using in interstate commerce the logo shown below



(the "LAI Logo") for their HVAC contractor services. The LAI Logo is confusingly similar to the Lion-Aire Logo. LAI uses the LAI Logo to provide HVAC contractor services in the New York metropolitan area, or parts thereof. The date of LAI's adoption of the LAI Logo is currently unknown to Plaintiff. Plaintiff became aware of LAI's use of the LAI Logo in or about early 2019.

4

[1097158-4]

18. LAI also uses its LION AIR trademark as part of the Internet domain name "lion-airinstallations.com," (the "LAI Domain Name," and, together with the LION AIR trademark and the LAI Logo, referred to herein as the "LAI Marks"). Upon information and belief, although the LAI Domain Name is registered anonymously, LAI, McCartharn and/or Lambot are beneficial owners of the LAI Domain Name, have the right and ability to assign the LAI Domain Name to point to a particular website and have arranged to have the LAI Domain Name point to the website promoting LAI's HVAC contracting services. Inputting the LAI Domain Name to an Internet browser takes the user to that website.

19. Upon information and belief, Defendants McCartharn and Lambot are principals of LAI, are responsible for the selection of the trademarks, trade names, logos and Internet domain names used by LAI, selected the LAI Marks and directed LAI to use the LAI Marks in commerce for LAI's services.

20. In doing the foregoing, McCartharn and Lambot were well aware of Lion-Aire and its use of the LION-AIRE Marks for its services and selected the LAI Marks knowing: (a) that they were confusingly similar to the LION-AIRE Marks; (b) would confuse consumers as to the source of LAI's services and its association with Lion-Aire; and (c) would misappropriate Lion-Aire's investment and goodwill in the LION-AIRE Marks.

21. In fact, upon information and belief, Defendants have not only confused consumers, but have also affirmatively misrepresented to third parties that LAI is part of, or affiliated with, Lion-Aire.

22. Defendants are currently offering HVAC contracting services to consumers thereof and are operating an Internet website promoting their business located at

5

[1097158-4]

www.lionairinstallations.com (the "LAI Website"). In connection with their business Defendants are using the LAI Marks.

23. Defendants' use of the LAI Marks is not licensed by, and is without the consent of, Lion-Aire.

24. Upon information and belief, Defendants' HVAC contractor services are offered and will continue to be offered through the same channels of trade, and to the same classes of consumers, as the HVAC contractor services offered by Lion-Aire under the LION-AIRE Marks.

**Likelihood of Confusion; Injury to Plaintiff**

25. Defendants' use of the LAI Marks for HVAC contractor services, which marks are confusingly similar to the LION-AIRE Marks, falsely indicates to consumers and the trade that Defendants and/or their services come from Lion-Aire, or are in some manner connected with, sponsored by, affiliated with, or related to Lion-Aire and its services and products.

26. Defendants' use of the LAI Marks in connection with Defendants' HVAC contractor services allows, and will continue to allow, Defendants to receive the benefit of goodwill built up at great labor and expense by Lion-Aire. Additionally, the use of their Marks allow Defendants to gain interest, acceptance and recognition, including, but not limited to, initial interest, acceptance and recognition, for Defendants' services, not based on the merits of those services and products, but on the reputation and goodwill of Lion-Aire's services and products.

27. The above-mentioned activities of Defendants are likely to cause confusion or to cause mistake, and act to deceive consumers, the trade, and businesses that serve the trade concerning the origin of Defendants' services. Such persons are likely to believe that

Defendants' services and products come from Lion-Aire or are sponsored by, approved by, or associated with Lion-Aire.

28. Further, Defendants' affirmative misrepresentations and false statements to third parties concerning a non-existent affiliation or relationship between Lion-Aire and LAI will cause consumers to believe, erroneously, that there is such an affiliation or relationship.

29. Defendants' activities have caused confusion between Plaintiff's and Defendants' services and misled consumers concerning a relationship or affiliation between Lion-Aire and LAI within the State of New York and the Eastern District of New York.

30. Defendants' continuing activities also cause Lion-Aire to lose control over its reputation and put Lion-Aire's reputation and considerable goodwill at risk.

31. After Lion-Aire learned of Defendants' activities described above, Lion-Aire, through its counsel, sent a cease and desist letter by FedEx and email to LAI, McCartharn and Lambot on or about February 27, 2019, advising them of Lion-Aire's rights and demanding that (a) Defendants cease all further use of LION AIR, the LION AIR Logo or any confusingly similar marks; and (b) cease misrepresenting to third parties that a relationship or affiliation existed between Lion-Aire and LAI.

32. Defendants failed to respond to said letter in any manner.

33. Accordingly, on or about March 25, 2019, Lion-Aire, through its counsel, sent a follow-up letter to Defendants calling their attention to the lack of a response to the February 27, 2019 letter and affording Defendants a further opportunity to respond.

34. Defendants failed to respond to said follow-up letter in any manner.

[1097158-4]

35. The acts of Defendants complained of above have been conducted in commerce and have affected, and will continue to affect, Lion-Aire's business of offering HVAC contractor services in commerce.

36. The acts of Defendants complained of above constitute trademark infringement, unfair competition and false designation of origin in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. Defendants are well aware of Lion-Aire's trademark rights and their deliberate decision to infringe those rights makes the infringement herein willful.

38. Upon information and belief, the nature of the acts of Defendants complained of above, and the state of Defendants' knowledge of Lion-Aire's rights, make this an exceptional case under § 35 of the Lanham Act, 15 U.S.C. § 1117(a).

39. By reason of the foregoing, Lion-Aire has suffered, and unless enjoined by this Court, will continue to suffer, irreparable and immediate injury for which Lion-Aire has no adequate remedy at law.

40. By reason of the foregoing, Lion-Aire has been injured in its business and is entitled to preliminary and permanent injunctive relief and to recover damages, including infringing profits, in an amount to be proved at trial, enhanced in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117(a).

## SECOND CLAIM FOR RELIEF

### Use of Deceptive Acts or Practices

41. Plaintiff repeats and re-alleges the foregoing Paragraphs 1 through 40 above as if fully set forth herein.

42. The acts of Defendants complained of above, including, without limitation making false affirmative misrepresentations to third-parties concerning an affiliation or relationship between Lion-Aire and LAI, constitute use of deceptive acts or practices in the conduct of business, trade or commerce or the furnishing of services in violation of New York General Business Law § 349.

43. By reason of the foregoing, Lion-Aire has suffered, and unless enjoined by this Court, will continue to suffer, irreparable and immediate injury for which Lion-Aire has no adequate remedy at law.

44. By reason of the foregoing, Lion-Aire has been injured in its business and is entitled to preliminary and permanent injunctive relief and to recover damages in an amount to be proved at trial.

### THIRD CLAIM FOR RELIEF

#### Common Law Trademark Infringement and Unfair Competition

45. Plaintiff repeats and re-alleges the foregoing Paragraphs 1 through 44 above as if fully set forth herein.

46. The acts of Defendants complained of above have unjustly enriched and will continue to unjustly enrich Defendants at Lion-Aire's expense by confusing potential consumers and the trade concerning a relationship, including, but not limited to, sponsorship, approval, ownership or affiliation between Lion-Aire and Defendants.

47. The acts of Defendants complained of above constitute trademark infringement and unfair competition under the common law of the State of New York.

48. By reason of the foregoing, Lion-Aire has suffered, and unless enjoined by this Court, will continue to suffer, irreparable and immediate injury for which Lion-Aire has no adequate remedy at law.

49. By reason of the foregoing, Lion-Aire has been injured in its business and is entitled to preliminary and permanent injunctive relief and to recover damages in an amount to be proved at trial.

## FOURTH CLAIM FOR RELIEF

### State Law Trademark Dilution and Injury to Business Reputation

50. Plaintiff repeats and re-alleges the foregoing Paragraphs 1 through 49 above as if fully set forth herein.

51. Lion-Aire's LION-AIRE Marks are inherently distinctive or have acquired distinctiveness.

52. Defendants' use of their LAI Marks as alleged above is likely to cause dilution by blurring and/or tarnishment of the LION-AIRE Marks.

53. Defendants' use of their LAI Marks as alleged above will cause Lion-Aire to lose control of the reputation of its name and mark in that consumers and the trade are likely to associate with Lion-Aire the performance of Defendants' services, any legal or regulatory difficulties encountered by Defendants, or any other detrimental events or events likely to generate negative publicity that may befall Defendants. Such events, which are outside Lion-Aire's control, are likely to injure Lion-Aire's business reputation.

54. The acts of Defendants complained of constitute trademark dilution and damage to business reputation in violation of New York General Business Law § 260-*l*.

[1097158-4]

55. By reason of the foregoing, Lion-Aire is likely to suffer, has suffered, and unless enjoined by this Court will continue to suffer, irreparable injury in the form of dilution of its trademarks and loss of control of its business reputation, for which Lion-Aire has no adequate remedy at law.

56. By reason of the foregoing, Lion-Aire has been injured in its business and is entitled to injunctive relief and to recover damages in an amount to be proved at trial.

**WHEREFORE**, Plaintiff demands judgment:

(a) Enjoining Defendants, Defendants' officers, agents, employees, attorneys, subsidiaries, assigns or related companies, and those in active concert or participation with Defendants, or any of them, who receive actual notice of the judgment by personal service or otherwise, from using or employing, directly or indirectly, the service mark, trademark or trade name LION AIR INSTALLATIONS, any mark, trade name or domain name containing the element LION AIR, or any mark, trade name or domain name confusingly similar to LION-AIRE, or that contains the element LION AIRE in any variant form, in connection with the offering or sale of HVAC contractor services;

(b) Directing Defendants to file with this Court, within thirty (30) days after entry of any injunction in this case, a written statement, under oath, setting forth in detail the manner in which Defendants have complied with the injunction;

(c) Directing Defendants to account to Plaintiff for the profits of its infringement;

(d) Awarding Plaintiff its damages, in an amount to be proved at trial, resulting from the acts alleged herein, enhanced in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117, or other applicable law; and

11

[1097158-4]

(e) Awarding Plaintiff reasonable attorneys' fees in accordance with § 35(a) of the Lanham Act, 15 U.S.C. § 1117(a); and

(f) Such other and further relief as this Court deems just and proper together with the costs and disbursements of this action.

Dated: New York, New York
June 17, 2019

          **TANNENBAUM HELPERN**
           **SYRACUSE & HIRSCHTRITT, LLP**

By: /L. Donald Prutzman/
     L. Donald Prutzman
900 Third Avenue
New York, New York 10022
(212) 508-6700
  Attorneys for Plaintiff

[1097158-4]